

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 19-267 |
| v. | : | |
| | : | |
| JOSEF KOYSHMAN, | : | |
| | : | |
| Defendant. | : | |

## STATEMENT OF OFFENSE

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States and Defendant Josef Koyshman ("Defendant") stipulate and agree that the following facts are true and accurate. These facts do not constitute all facts known to the parties concerning the charged offense and covered conduct. This statement is being submitted by the parties to demonstrate that sufficient facts exist to establish that Defendant committed the offense to which he is pleading guilty.

From July through September, 2016, Defendant communicated electronically with another individual, referred to herein as Coconspirator #1, and agreed to export to Hong Kong three High-Power Advanced Laser-Aiming Systems from the United States to Hong Kong. The High-Power Advanced Laser Aiming System was, at all times relevant to this Statement of Offense, listed as a defense article on the United States Munitions List and could not be lawfully exported from the United States without a license or other written approval from the United States Department of State's Directorate of Trade Controls (hereinafter "DDTC"). Defendant shipped one High-Power Advanced Laser-Aiming System to Coconspirator #1 in Hong Kong on or before August 26, 2016, without obtaining a license or other written approval from DDTC. Defendant shipped the High-Power Advanced Laser-Aiming System in a package that also contained additional, innocuous items in an effort to disguise and conceal the High-Power Advanced Laser-Aiming System. Defendant shipped the High-Power Advanced Laser-Aiming System to Hong Kong willfully and with knowledge that his conduct was unlawful and violated U.S. export controls.

In August, 2016, Defendant communicated electronically with Coconspirator #1 and agreed to export to Hong Kong a weapons-mounted G33 Magnifier (hereinafter "G33 Magnifier), which acts as a magnifier for weapons sights and improves target recognition. Defendant and Coconspirator #1 discussed methods for concealing that the G33 Magnifier was being purchased to be exported from the United States, including Defendant instructing Coconspirator #1 to use Defendant's home address in connection with the purchase of the G33 Magnifier. At all times relevant to this Statement of Offense, the G33 Magnifier was listed on the Commerce Control List and was export controlled to Hong Kong for reasons of Crime Control. Thus, the G33 Magnifier could not be exported lawfully from the United States to Hong Kong without a license from the U.S. Department of Commerce's Bureau of Industry and Security. Defendant did not obtain a license to export the G33 Magnifier. Defendant attempted to ship the G33 Magnifier to Hong Kong willfully and with knowledge that his conduct was unlawful and violated U.S. export controls.

In March of 2017, Defendant communicated electronically with Coconspirator #1 and agreed to ship to Hong Kong an AN/PRC-152 Handheld Radio and AN/PVS-31A Binocular Night Vision Goggles. At all times relevant to this Statement of Offense, the AN/PRC-152 Handheld Radio and the AN/PVS-31A Binocular Night Vision Goggles were each listed as a defense article on the United States Munitions List and could not be lawfully exported from the United States without a license or other written approval from the DDTC. However, on March 30, 2017, without having obtained a license or other written approval for either item, Defendant placed into a USPS mailbox a parcel bound for Hong Kong that contained the AN/PRC-152 Handheld Radio and the AN/PVS-31A Binocular Night Vision Goggles. Affixed to the parcel was a customs declaration indicating that the parcel was being sent to Hong Kong. Defendant shipped the parcel to Hong Kong willfully and with knowledge that his conduct was unlawful and violated U.S. export controls.

The relevant licensing authorities for each of the export items discussed herein are located within the District of Columbia.

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer, understand it, and agree that it is true and accurate. While it is not a complete recitation of all that I did or all that I know, it represents some of my conduct and some of my knowledge concerning my own involvement in illegal activity. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 11/21/19

Josef Koyshman

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, reviewed it with my client, and discussed it with my client.

Date: 11/21/19

David Bos
Counsel for Defendant

3